UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA FLORES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5748-JTM-SS** |
| **HERCULES OFFSHORE SERVICES, LLC** | |

### ORDER

PLAINTIFF'S MOTION TO COMPEL (Rec. doc. 54)

**GRANTED IN PART AND DENIED IN PART**

Plaintiff, Joshua Flores ("Flores"), filed a motion to compel discovery from defendant, Hercules Offshore Services, LLC ("Hercules").

**1. Personnel File.**

Flores contends that Hercules did not produce his complete personnel file. Flores contends it is incomplete because in the experience of his counsel, a personnel file contains more documents than were produced by Hercules. Rec. doc. 54 (Memorandum at 2). Hercules responds that: (1) the file contained 40 pages; (2) it contains the information expected for a new hire like Flores (the hiring process was completed on April 23, 2013 and the alleged accident occurred on July 23, 2014); and (3) it produced the entirety of the file. Hercules is not required to make a further response to Flores concerning the personnel file.

**2. Payroll Records.**

Flores contends that Hercules did not produce the payroll records after July 13, 2014. After the motion to compel was filed, Hercules reports it produced a complete copy of Flores' payroll records. No further response is required.

3. <u>**Pre-employment Physical**</u>.

Flores contends that when Hercules produced the pre-employment physical, four pages of the report of the physical were shrunk so as to fit on a single page. Flores requests production of the four pages as separate pages to improve their legibility. Hercules reports that: (1) the document was generated by the Center for Work Rehabilitation ("Center") as part of its functional capacity assessment ("FCA"); (2) the only copy in its possession has the four pages shrunk to a single page; (3) assuming the full size pages exist, they are in the possession of the Center; and (4) Flores can obtain them from the Center. Presumably Hercules arranged and paid for the FCA as part of the employment process.

**Within three working days of the entry of this order**, Hercules shall: (1) contact the Center; (2) request full size copies of the pages; (3) pay all costs of producing such copies to Flores; and (4) if the Center does not have full size copies, Hercules shall so report to Flores.

4. <u>**IADC Report for July 26, 2013**</u>.

Flores contends that, while Hercules produced IADC Drilling Reports, it did not provide complete copies, as the report for July 26, 2013 was not included. Hercules reports that this was an unintentional omission. It produced the IADC report for July 26, 2013. No further response is required.

5. <u>**Job Safety Analysis**</u>.

Flores contends that he completed a Job Safety Analysis ("JSA") on or about July 23, 2013 prior to changing the butterfly valve and Hercules did not produce it. Flores alleges that he was injured while changing this valve. Prior to filing suit, Flores reported that on July 23, 2013, he experienced low back pain while getting out of the top bunk and twisting to get on the ladder.

Flores also told doctors in Port Sulphur, Houma and San Antonio that he was injured while getting out of the bunk bed.

In a prior motion to compel, Flores sought this JSA.  Rec. doc. 17.  Hercules was ordered to produce the JSA or provide an affidavit declaring that after a diligent search it was unable to find the document.  Rec. doc. 27 at 3.  Hercules reports that its rig manager, James Aday, affirmed under oath that the JSA does not exist.  Freddy Anthony, a derrick hand with responsibility for completing the butterfly valve replacement project, testified that he did not recall completing a JSA for the project.  Anthony also denied that Flores worked with him on the valve replacement project.

Hercules is not required to make a further response concerning a JSA allegedly prepared by Flores on about July 23, 2013.  It is not required to provide Flores with access to the JSA Dashboard.

**6.  Second Set of Interrogatories**.

Flores served a second set of written discovery on June 26, 2014.  Rec. doc. 54 (Exhibit F).  Hercules responded on August 6, 2014 after the motion to compel was filed.  Flores requests a ruling on Hercules' objections so as to avoid a further motion to compel.  The discovery deadline is August 6, 2014.  The pretrial conference is set for September 18, 2014.  The trial is set for October 14, 2014.  Rec. doc. 30.  On June 24, 2014 some deadlines were extended but not the discovery deadline.  Rec. doc. 45.  Because of the approaching deadlines, the objections of Hercules to the discovery and the sufficiency of its responses will be resolved in this order.

   a. Interrogatory no. 1.

The interrogatory requests a list of the members of the crew of the drilling rig, Hercules 202, on which the alleged accident occurred with contact information, employment status and if

employed, their schedule for the next two months. Hercules identifies 33 crew members in addition to Flores and adds that this information was available to Flores on the daily drilling report. It objects to providing the remaining information. It notes that a derrick hand, Flores' supervisor, and tool pusher were deposed. The deposition of the land based rig manager is set for August 15. Flores contends that he has the right to subpoena crew members to testify at the trial.

Flores has not demonstrated how the crew members, who have not been deposed, possess information that is relevant to the parties' claims and defenses. Hercules is not required to make a further response to interrogatory no. 1.

    b. <u>Interrogatory no. 2</u>.

The interrogatory seeks a list of all safety awards received by the Hercules 202 or its crew. Subject to its objection, Hercules reports that the rig received an award for going one year without a lost time injury and selected members of the crew received $200 Wal-Mart gift cards. The identity of the persons receiving the cards and the requirements for the award are found in documents produced by Hercules in response to Flores' second request for production.

Hercules is not required to make a further response to interrogatory no. 2.

    c. <u>Interrogatory no. 3</u>.

The interrogatory seeks the last date Flores worked for Hercules. Hercules' response is sufficient. No further response to interrogatory no. 3 is required.

**7. <u>Second Request for Production</u>**.

    a. <u>Request No. 1</u>.

The request concerns any JSAs or Hot/Cold Work Permits pertaining to changing valves. The response by Hercules to the request is sufficient. No further response is required.

b. <u>Request No. 2</u>.

The request concerns documents pertaining to the installation and changing of valves. Hercules responded that it is not in possession of any documents responsive to the request. No further response is required.

c. <u>Request No. 3</u>.

The request concerns safety video and documents discussing safety awards. Hercules objects to providing the safety videos which were viewed by Flores during his training. It contends that the videos are not relevant because they do not address the safety hazards associated with changing a butterfly valve. It produced the document with the requirements and benefits of the rig award program. No further response is required.

d. <u>Request No. 4</u>.

Flores seeks all safety awards given to the Hercules 202 or members of its crew. Hercules produced the documents it identified in response to interrogatory no. 2 of the second set of interrogatories. No further response is required.

e. <u>Request No. 5</u>.

Flores requests the CG-2692 and CG-2692B forms for the alleged accident. Hercules responds that such forms were not completed because Flores did not report that he was injured while changing a butterfly valve. No further response is required.

f. <u>Request No. 6</u>.

Flores requests the PTW Log/Register for July 2013 for the rig. Hercules responds that: (1) Anthony testified that neither a JSA nor a PTW were prepared for the butterfly valve replacement project; and (2) James Aday submitted an affidavit where he attested no such documents were completed. In these circumstances, the PTW Log/Register is not relevant to the

parties' claims and defenses. Hercules' objection to request no. 6 is sustained. No further response is required.

8. **Third Request for Production**.

   a. Request No. 1.

   Flores seeks all JSAs or Permits to Work that Flores was involved in on July 22 and 23, 2014. Hercules responds that it produced all JSAs that were completed from July 16 to July 23, 2013. It objects to producing any additional JSAs or Permits to Work. Hercules is not required to make a further response.

   b. Request No. 2.

   Flores seeks documents relating to money received by members of the crew of the Hercules 202 for safety awards in 2013. Hercules refers Flores to its response to Request No. 4 in the second request for production. No further response is required.

   c. Request No. 3.

   Flores seeks Fernando Dillon's tallybook. Hercules responds that it was produced and identified as an exhibit to Dillon's deposition. No further response is required.

   d. Request No. 4.

   Flores seeks all incident reports for Robert Lille. Hercules objects that the information sought is not relevant to the parties' claims and defenses. Flores has not demonstrated that such reports are relevant. Hercules is not required to make a further response.

IT IS ORDERED that: (1) the motion of the plaintiff, Joshua Flores, to compel (Rec. doc. 54) is GRANTED in PART and DENIED in PART as provided herein; and (3) **the deadline for an appeal is five working days from the entry of this order**.

New Orleans, Louisiana, this 8th day of August, 2014.

_____
**SALLY SHUSHAN
U.S. Magistrate Judge**

7